UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 10-329-HRW

JACKIE R. KEMP, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on January 23, 2007, alleging disability beginning on August 31, 2005, due to non-alcoholic cirrhosis, lower back pain, neck pain, hepatitis C and chronic fatigue and weakness (Tr. 141).

This application was denied initially on July 26, 2007 and on reconsideration on December 3, 2007 (Tr. 68-71, 75-78).

On November 3, 2008, an administrative hearing was conducted by Administrative Law Judge Robert L. Erwin (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, James H. Miller, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant

numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On July 17. 2009, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-20).

Plaintiff was 41 years old at the time of the hearing decision (Tr. 20, 95). He has an 11th grade education (Tr. 28). His past relevant work experience consists of work as a factory worker and general laborer (Tr. 142).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff engaged in substantial gainful activity between alleged onset date of disability and December 31, 2007 (Tr. 15).

The ALJ then determined, at Step 2, that Plaintiff suffers from liver cirrhosis with ascites, hepatitis, degenerative disc disease, a heart murmur, chronic obstructive pulmonary disease and carpal tunnel syndrome, which he found to be "severe" within the meaning of the Regulations (Tr. 16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16). In doing so, the ALJ specifically considered listing .

The ALJ further found that Plaintiff could not perform his past relevant work (Tr. 18) but determined that he has the residual functional capacity ("RFC")

to:

> [L]ift and carry twenty pounds occasionally and ten pounds frequently. The claimant's impairments require that he have a sit/stand option so that he need not stand or walk for more than thirty minutes at a time and sit for more than one hour at a time. The claimant is precluded from work requiring more than occasional climbing, stooping, bending, crouching, crawling and kneeling and is precluded from concentrated exposure to dust, fumes, smoke, chemicals, noxious gases and temperature extremes.

(Tr. 16-18).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19).

Accordingly, the ALJ found Plaintiff had not been under a disability from August 31, 2005 through the date of the hearing decision.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 9, 2010 (Tr. 2-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## III. ANALYSIS

A. **Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

B. **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) Plaintiff's chronic liver disease meets or equals Listing 5.05; (2) the

5

ALJ did not consider his impairments in combination and (3) the ALJ ignored *Gatliff v. Commissioner of Social Security Administration*, 172 F.3d 690 (9th Cir. 1999) in determining that he could perform work activity.

C.    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that Plaintiff's chronic liver disease meets or equals Listing 5.05.

The burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis], including proving presumptive disability by meeting or exceeding a Medical Listing at step three. *See Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)).

Plaintiff has not carried his burden. Indeed, his argument is nothing more than a bald assertion. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d

989, 995-996 (6th Cir. 1997) (citations omitted). *See also, United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

Plaintiff's second claim of error is that the ALJ did not consider his impairments in combination. However, a review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 16). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

Finally, Plaintiff argues that his medical problems would prevent him from maintaining employment and, so, he could not meet the duration requirements for substantial gainful activity. The plaintiff cites the Ninth Circuit Court of Appeals case *Gatliff v. Commissioner of Social Security Administration*, 172 F.3d 690 (9th Cir. 1999) in support of his argument.

*Gatliff* is not persuasive. In that case, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact. *Id.* at 692. In this case, Plaintiff has not identified similar evidence.

Moreover, this Court has repeatedly rejected any suggestion of a separate durational requirement. *See e.g. Durham v. Astrue,* No. 6:09-202-DCR, 2010 WL 672136, at *6 (E.D. Ky. Feb. 22, 2010).

Therefore, Plaintiff's argument in this regard lacks merit.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 15th day of September, 2011.



Henry R. Wilhoit, Jr., Senior Judge